The Honorable David Bisbee The Honorable Paul Weaver Joint Budget Committee Room 315, State Capitol Building Little Rock, AR 72201
Dear Senator Bisbee and Representative Weaver:
You have requested my opinion concerning a claim that was made against the Arkansas Military Department before the Arkansas State Claims Commission and was later appealed to the Claims Review Subcommittee. The matter is now under consideration by the Joint Budget Committee.
Your questions arise out of a claim made against the Arkansas Military Department by Kathy Gibson, widow of First Sergeant Michael Gibson, a member of the Arkansas Army National Guard. Ms. Gibson alleges that on June 1, 1998, First Sergeant Gibson was on duty at Fort Chaffee, Arkansas, for annual training, and that while carrying out his assignment to mow the grounds at Fort Chaffee, he ran over something that caused a white cloud to form. He later became ill and died. Ms. Gibson filed a claim against the Arkansas Military Department for wrongful death, breach of contract, fraud, and concealment, before the Arkansas State Claims Commission. See Claim Number 01-1687-CC. The Commission denied the claim. Ms. Gibson appealed the Claims Commission's decision to the Claims Review Subcommittee of the General Assembly, which reversed the Claims Commission's decision and awarded Ms. Gibson the amount of $500,000.00. The award was included in Senate Bill 39, as an appropriation to Ms. Gibson from the State Military Department Fund Account. See SB 39, § 23. The bill, with the appropriation for Ms. Gibson's claim, received a "do pass" recommendation from the Joint Budget Committee. The Senate then re-referred SB 39 to the Joint Budget Committee, which reconsidered its previous approval of the bill, and approved a motion to strike the appropriation for Ms. Gibson's award from the bill. The Joint Budget Committee will now hear arguments concerning this matter.
Accordingly, you have presented the following questions:
 (1) Was First Sergeant Michael Gibson a state employee or a federal employee at the time he was receiving annual training at Fort Chaffee?
 (2) Does the Arkansas State Claims Commission have jurisdiction to hear claims against the Arkansas Military Department filed by a soldier who is on annual training and who receives payment for that training from the federal government?
 (3) If the Arkansas State Claims Commission does not have jurisdiction to hear Ms. Gibson's claim, can she now seek redress by filing a Workers' Compensation Claim?
 (4) Is the state legally responsible for personal injury or death of a member of the Arkansas National Guard when the injury or death occurs during the annual training mandated by federal law?
Response
Summary of Response
Your questions raise complex issues that require in-depth discussion. Before embarking upon that discussion, I would like to summarize, for purposes of providing some clarity, the pertinent conclusions that I have reached regarding Ms. Gibson's claim:
 1. The question of whether First Sergeant Gibson was a state or federal employee is less central to the case than the employment status of the individuals whose actions are alleged to have given rise to Ms. Gibson's claim. For this reason, I will focus more pointedly on that issue in my discussion of the case. However, First Sergeant Gibson's employment status is relevant to the issue of whether Ms. Gibson's claim is compensable under the workers' compensation laws of Arkansas. I conclude that First Sergeant Gibson was a federal employee, rather than a state employee, for the purpose of that issue. The result of this conclusion is that Ms. Gibson's claim does not arise under the state workers' compensation laws, and is therefore not excluded from the Arkansas State Claims Commission's jurisdiction on that basis.
 2. The question of whether the Arkansas State Claims Commission has jurisdiction to hear Ms. Gibson's claim is ultimately a question of fact that will turn primarily on the employment status of the individuals whose actions are alleged to have given rise to the claim. If these individuals are properly classified as agents of the state, the Arkansas State Claims Commission does have jurisdiction to hear the claim. However, if these individuals are properly classified as federal employees, the Arkansas State Claims Commission does not have jurisdiction to hear the claim.
 3. The question of whether the state should be liable for payment of Ms. Gibson's claim is a question of fact that will first require a resolution of the jurisdictional question on the basis of a determination of the outstanding factual questions, and then must be determined on the basis of the substantive evidence presented in support of and in refutation of that claim. I am not authorized to evaluate this type of evidence or to make this type of factual determination.
 4. The conclusions I will state in this opinion leave unanswered certain crucial factual questions that must be determined either by the Joint Budget Committee, or by the Arkansas State Claims Commission if the Joint Budget Committee remands the case to the Claims Commission. The Claims Commission's Rules and Regulations permit the remand of cases for review by the Commission.
I will explain these conclusions more fully below.
Question 1 — Was First Sergeant Michael Gibson a state employee or afederal employee at the time he was receiving annual training at FortChaffee?
It is my opinion that as a member of the Arkansas Army National Guard, First Sergeant Michael Gibson could be deemed to have been a federal employee for some purposes, and a state employee for other purposes. Many of the contexts in which his status as a federal or state employee have no relevance to the issues surrounding Ms. Gibson's claims. For example, he is deemed to have been a state employee for purposes of eligibility to receive retirement benefits under the Arkansas Public Employees Retirement System. See A.C.A. § 12-62-308. On the other hand, he is deemed to have been a federal employee whose actions could give rise to a lawsuit against the federal government under the Federal Tort Claims Act. See 28 U.S.C. § 2761 et seq.
I have identified only one context in which a determination of First Sergeant Gibson's status as a federal or state employee is relevant to Ms. Gibson's claim. That context is the law of workers' compensation. This context is relevant because claims that arise under the workers' compensation laws are excluded from the matters over which the Arkansas State Claims Commission can exercise its jurisdiction.
Two sets of statutes that govern this area of the law are pertinent to First Sergeant Gibson's case. One set is the Workers' Compensation Law that is codified at A.C.A. § 11-91-101 et seq., and is specifically cited in the Arkansas State Claims Commission's jurisdictional statute. The other set is the Public Employee Workers' Compensation Act, codified at A.C.A. § 21-5-601 et seq. As indicated, a determination of First Sergeant Gibson's employment status for purposes of these workers' compensation laws can impact the question of whether the Arkansas State Claims Commission has jurisdiction to hear Ms. Gibson's claim. It is my opinion that First Sergeant Gibson should not be deemed to have been a state employee for purposes of either of these workers' compensation laws. Rather, he was a federal employee whose injury and death are not compensable under these laws. I will discuss the basis for this conclusion and its relevance to the case in addressing the jurisdiction of the Arkansas State Claims Commission, in response to Question 2.
Question 2 — Does the Arkansas State Claims Commission have jurisdictionto hear claims against the Arkansas Military Department filed by asoldier who is on annual training and who receives payment for thattraining from the federal government?
The answer to this question will require certain determinations of fact that I am not authorized to make. However, I will discuss the issues that will be pertinent to the finder of fact.
The jurisdiction of the Arkansas State Claims Commission is set forth in A.C.A. § 19-10-204. Generally, the Commission has jurisdiction to hear claims against "the State of Arkansas and its several agencies, departments, and institutions[.]" A.C.A. § 19-10-204(a). This jurisdiction is limited by other provisions excluding certain specific types of claims. See A.C.A. § 19-10-204(a) and (b).
Thus, the question of whether the Arkansas State Claims Commission has jurisdiction to hear any particular claim will be determined primarily by two factors:
(1) The nature of the entity against which the claim is made; and
 (2) The nature of the claim. (The employment status of First Sergeant Gibson is relevant to this second factor.)
1. The Nature of the Entity Against Which the Claim is Made.
As an initial matter, it is important to note that the named respondent in Claim Number 01-1687-CC before the Arkansas State Claims Commission (Ms. Gibson's claim) is the "Military Department of Arkansas." The Arkansas Military Department, as described in A.C.A. § 12-61-101 etseq., is unquestionably a department of the State of Arkansas. Although one of the components of the Arkansas Military Department is the National Guard, A.C.A. § 12-61-201 et seq., which is, in certain respects, a federal entity, id.; 32 U.S.C. §§ 101 et seq., this factor does not transform the Arkansas Military Department into a federal entity. The Arkansas Military Department was created by state law. Id. Its commander in chief is the governor of the state. A.C.A. § 12-61-102. It receives state revenues and appropriations. A.C.A. § 19-5-302(2)(A). These features indicate unequivocally that the Arkansas Military Department is a state entity. As a department of the state, it is subject to the jurisdiction of the Arkansas Claims Commission. See A.C.A. § 19-10-204. Thus, if an appropriate claim is made against the Arkansas Military Department itself, the Arkansas State Claims Commission has the authority to hear that claim.
Although Ms. Gibson's claim names the Arkansas Military Department as the respondent, a question of fact nevertheless arises as to whether the claim is actually a claim against the Arkansas Military Department, or whether it is in fact a claim against federal employees. Ms. Gibson's allegations are common law tort and contract allegations. In order for such claims to lie against the state, they must be found to arise out of the actions and conduct of employees and agents of the state. The finder of fact must therefore determine the employment status of the individuals whose actions are alleged to have given rise to Ms. Gibson's allegations. If the finder of fact should determine that the claims are alleged to have arisen out of actions and conduct of individuals who were properly classified as agents and employees of the state, it must conclude that the claim is, in fact, a claim against the Arkansas Military Department, over which the Arkansas State Claims Commission can lawfully exercise its jurisdiction.
However, the finder of fact may determine that Ms. Gibson's allegations arise out of the actions and conduct of individuals who are properly classified as federal employees. If the finder of fact makes this determination, it must conclude that the Arkansas Claims Commission does not have jurisdiction to hear the claim. In this regard, I note that the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., provides the exclusive remedy for injury or death caused by the negligence of federal employees acting within the scope of their employment. The act defines "employees of the [federal] government" to include "members of the National Guard while engaged in training or duty under section 316, 502, 503, 504, or 505 of title 32." 28 U.S.C. § 2671. If the occurrences that gave rise to Ms. Gibson's claim arise out of the actions of individuals who are properly classified as federal employees under this definition (or who should otherwise be classified as federal employees), Ms. Gibson's exclusive remedy is under the Federal Tort Claims Act, see28 U.S.C. § 2679, and the Arkansas State Claims Commission therefore would not have jurisdiction to hear the claim on that ground. See, e.g., Estate ofAndrew Burris v. Maryland, 360 Md. 721, 759 A.2d 802 (2000). Moreover, the Commission would not have jurisdiction to hear the claim on the more basic ground that the claim would not be one against the state.
Regarding the possibility of a remedy under the Federal Tort Claims Act, I must note that Ms. Gibson's claim, even if presented under that act, could be barred by the "Feres doctrine," see Feres v. United States,340 U.S. 135 (1950), which bars certain actions by members of the military against other members of the military or the federal government. Thus, a denial of her claim against the state does not assure her recovery from the federal government. The applicability of the "Feres doctrine" will, like the jurisdictional question, turn on the factual determination of the employment status of the individuals whose actions are alleged to have given rise to Ms. Gibson's claims.
The question of the employment status of the individuals whose actions are alleged to have given rise to Ms. Gibson's claim is a question of fact that I am not authorized by law to determine. Nor is the answer to that question apparent from the face of Ms. Gibson's claim. It can only be determined by the authorized finder of fact.
2. The Nature of the Claim
Assuming that Ms. Gibson's claim is determined as a factual matter to constitute a claim against the state rather than a claim against federal employees, it is my opinion that her claims are of a nature that are subject to the jurisdiction of the Arkansas State Claims Commission, and do not fall within any of the categories of claims that are excluded from the Commission's jurisdiction.
Certain types of claims are specifically excluded from the Claims Commission's jurisdiction, as described in A.C.A. § 19-10-204(a) and (b). The types of claims that are excluded from the Commission's jurisdiction are:
 • Claims against municipalities, counties, school districts, or any other political subdivisions of the state;
 • Claims arising under the Workers' Compensation Law, § 11-9-101 et seq., the Arkansas Employment Security Law, § 11-10-101 et seq., the Arkansas Teacher Retirement System Act, § 24-7-201 et seq., the Arkansas Public Employees' Retirement System Act, § 24-4-101 et seq.,
the State Police Retirement System Act, § 24-6-201 et seq., or under laws providing for old age assistance grants, child welfare grants, blind pensions, or any laws of a similar nature;
 • Claims against the state for repayment of child support, except in cases where the underlying support order is set aside as void ab initio by the court and the child support paid was retained by the state as reimbursement for public assistance paid on behalf of a child;
 • Claims for state tax refunds under § 26-18-507, claims challenging tax assessments under § 26-18-406, and claims challenging tax laws under Arkansas Constitution, Art. 16, § 13.
A.C.A. § 19-10-204(a)(b).
Of the above-listed types of claims over which the Arkansas Claims Commission cannot exercise jurisdiction, the only one that gives rise to a question in First Sergeant Gibson's case is the exclusion of claims that arise under the Workers' Compensation Law (A.C.A. § 11-9-101 etseq.). It is my opinion that Ms. Gibson's claims do not arise under the workers' compensation laws of the state, and therefore should not be excluded from the Arkansas State Claims Commission's jurisdiction on that basis.
Before discussing the exclusion from the Claims Commission's jurisdiction of claims that arise under the cited Workers' Compensation Law (i.e., the law that is codified at A.C.A. § 11-9-101 et seq.), I will discuss the Public Employee Workers' Compensation Act, codified at A.C.A. § 21-5-601et seq., which I referred to in response to Question 1. Although this act is not specifically cited among the laws governing claims that are excluded from the Claims Commission's jurisdiction, it is a law that governs workers' compensation. Accordingly, the reference to "workers' compensation law" in the Claims Commission's jurisdictional statute could reasonably be interpreted to imply that claims arising under the Public Employee Workers' Compensation Act are also excluded from the Claims Commission's jurisdiction. For this reason, I must address the question of whether Ms. Gibson's claim is a claim that would arise under the Public Employee Workers' Compensation Act. It is my opinion that it does not.
The Public Employee Workers' Compensation Act provides workers' compensation for "public employees" (as defined in that act). The term "public employees" is defined in pertinent part as follows:
 (1) STATE EMPLOYEES AND OFFICERS. Any officer or employee of any state agency, board, commission, department, institution, college, university, or community college receiving an appropriation for regular salaries, extra help, or authorized overtime payable from funds deposited in the State Treasury or depositories other than the State Treasury by the General Assembly[.]
A.C.A. § 21-5-603(a)(1).
In my opinion, First Sergeant Gibson did not fall within the above-quoted definition, because he was, at the time of the alleged occurrences, a federal employee. I base this conclusion primarily on the following provision of federal law:
 (a) Each member of the Army National Guard of the United States of the Air National Guard of the United State who is ordered to active duty is relieved from duty in the National Guard of his State or Territory, or of Puerto Rico or the District of Columbia, as the case may be, from the effective date of his order to active duty until he is relieved from that duty.
32 U.S.C. § 325(a).
The term "active duty," as used in the above-quoted provision, is defined in 32-U.S.C. § 101(12) to include annual training duty. The alleged occurrences that gave rise to Ms. Gibson's claim occurred during annual training duty to which First Sergeant Gibson had been ordered under the authority of 32 U.S.C. § 502. For this reason, I conclude that he was a federal employee during annual training, as indicated in32 U.S.C. § 325(a), quoted above. This conclusion is bolstered by the fact that members of the Arkansas Army National Guard are "federally-recognized,"see 32 U.S. § 301, and such members who are on active duty are entitled under federal law to be paid by the federal government. See37 U.S.C. §§ 204, 101(18). Moreover, under the provisions of28 U.S.C. § 2671, National Guard members who are attending annual training are deemed to be employees of the federal government whose actions can give rise to a lawsuit against the government.
These factors indicate an employment relationship with the federal government rather than with the State of Arkansas or any of its departments during the time of the alleged occurrences. Accordingly, I conclude that First Sergeant Gibson was not a "public employee" for purposes of the Public Employee Workers' Compensation Act and was not entitled to compensation under that act. Therefore, if the Claims Commission's jurisdictional statute is interpreted to exclude from the Commission's jurisdiction any claim arising under the Public Employee Workers' Compensation Act, it is my opinion that Ms. Gibson's claim should not be excluded from the Claims Commission's jurisdiction for that reason.
It is my opinion Ms. Gibson's claim also does not arise under the Workers' Compensation Law (A.C.A. § 11-9-101 et seq.) that is specifically cited in the Claims Commission's jurisdictional statute.
The Workers' Compensation Law of A.C.A. § 11-9-101 et seq. provides compensation by "employers" to "employees" for injury and death that result from occurrences that take place in the course of "employment." A.C.A. § 11-9-102. Clearly, the law is intended to apply only where an employment relationship exists. Indeed, the law defines the terms "employer," "employee," and "employment," see A.C.A. § 11-9-102, and these definitions unequivocally communicate a situation in which the claim for compensation is made by or on behalf of one who was in an employment relationship as such relationships are traditionally understood — i.e., a relationship in which one party works for another in exchange for pay. For the reasons stated previously, it is my opinion that because First Sergeant Gibson was properly classified as a federal employee at the time of the alleged occurrences that gave rise to Ms. Gibson's claim, he was not in an "employment" relationship with the state at the time of those occurrences. His injury is alleged to have occurred during the course of his employment relationship with the federal government, not with the state, and the wrongdoing in question is alleged to have been perpetrated by the state, which was an entity other than First Sergeant Gibson's employer. For these reasons, the claim is not one that would arise under the Workers' Compensation Law of A.C.A. § 11-9-101et seq. Accordingly, I must conclude that Ms. Gibson's claim should not be excluded on this basis from the Arkansas State Claims Commission's jurisdiction.
Question 3 — If the Arkansas Claims Commission does not have jurisdictionto hear Ms. Gibson's claims, can she now seek redress by filing aWorkers' Compensation Claim?
This question has been addressed in response to Question 2.
Question 4 — Is the state legally responsible for personal injury ordeath of a member of the Arkansas National Guard when the injury or deathoccurs during the annual training mandated by federal law?
I am unable to answer this question because I am not authorized by law to make the determinations of fact that would be necessary to an accurate response. The question of the state's liability will depend in the first instance upon a resolution of the jurisdictional issue, on the basis of a determination of the relevant factual questions, as discussed above. It will then depend upon the substantive evidence that is presented in support of the allegations against the state, as well as the substantive evidence that is presented to refute those allegations.
I note again that the allegations that have been asserted by Ms. Gibson concerning First Sergeant Gibson's death are allegations that a state entity breached certain tort and contract laws. The finder of fact must determine whether the elements of the legal claims are present, given the substantive evidence presented.
As indicated at the outset of this opinion, the conclusions stated herein necessarily leave certain crucial factual questions unanswered, because I do not have the statutory authority to answer them. Under the applicable statutes and regulations, the Arkansas State Claims Commission, see
A.C.A. § 19-10-201 et seq., and the Joint Budget Committee (on appeal of the Claims Commission's decision, see A.C.A. § 19-10-211 and the Claims Commission's Rules and Regulations), are the entities that have the authority to determine these questions of fact. I reiterate that the Claims Commission's Rules and Regulations, in discussing appeals of its decisions to the appropriate committee of the General Assembly, provide for remand of cases to the Claims Commission for review. The evidence-intensive nature of the factual question in this case may justify a remand to the Claims Commission for review.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General